# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) | **C O M P L A I N T** |
| v. | ) ) | |
| SUPERVALU, INC., a Delaware Corporation, and JEWEL-OSCO, an operating unit of SUPERVALU, INC., | ) ) ) ) | |
| Defendant, | ) ) | **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices. The Equal Employment Opportunity Commission ("EEOC") alleges that since November 1, 2003 SUPERVALU, INC., a Delaware Corporation, and JEWEL-OSCO, an operating unit of SUPERVALU, INC., and/or its predecessor, Albertson's, Inc. (collectively "Defendant") violated the Americans with Disabilities Act of 1990 by:

1) Prohibiting disabled employees who were on Defendant's one-year paid disability leave, or eligible for it, from returning to work unless they could return without any accommodation to full service and had no physical or mental restrictions, and terminating such employees at the end of the one-year leave period.

2) Prohibiting disabled employees who were not injured on the job from participating in Defendant's 90-day light duty program.

Persons harmed by these practices include May Allen, Anthony Kwit, Thomas Riffle, Ann Stauffer, and Elizabeth Vazquez, and a class of similarly situated employees. EEOC also seeks relief for Anthony Kwit, who was harassed because of his disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706 and Section 707 of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5, and § 20000e-6.

2. The employment practices alleged to be unlawful were committed within the State of Illinois and elsewhere where Defendant does business in the United States.

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3)(A), 42 U.S.C. § 2000e-5(f)(1) and (3)(A).

4. At all relevant times, SUPERVALU, INC., a Delaware Corporation was doing business in the State of Illinois and had at least 15 employees. In 2006 it acquired Albertson's, Inc. Prior to the acquisition Jewel-Osco was the name of the Midwest division of Albertson's Inc. Jewel-Osco is now an operating unit of SUPERVALU, INC. SUPERVALU, INC. is the successor of Albertson's Inc.

5. At all relevant times, SUPERVALU, INC. was an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. §12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, SUPERVALU, INC. was a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, May Allen, Anthony Kwit, Thomas Riffle, Ann Stauffer, and Elizabeth Vazquez, each filed a Charge of Discrimination with the EEOC alleging violations of Title I of the ADA. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since November 1, 2003 Defendant has violated Sections 102(a) and102(b)(3)(A), 102 (b)(5)(A) and 102(b)6) of Title I of the ADA, 42 U.S.C. §§ 12112(a),

12112(b)(3 ),  12112 (b)(5)(A), and 12112(b)(6),  by prohibiting disabled employees who were on Defendant's one-year paid disability leave, or eligible for it, from returning to work unless they could  return without any accommodation to full service and had no physical or mental restrictions, and terminating such employees at the end of the one-year leave period.

9. Since November 1, 2003 Defendant has violated Sections 102(a) and102(b)(3)(A), 102 (b)(5)(A) and 102(b)6) of Title I of the ADA, 42 U.S.C. §§ 12112(a), 12112(b)(3 ),  12112 (b)(5)(A), and 12112(b)(6),  by engaging in a pattern or practice of prohibiting disabled employees who were on Defendant's one-year paid disability leave, or eligible for it, from returning to work unless they could  return without any accommodation to full service and had no physical or mental restrictions, and terminating such employees at the end of the one-year leave period.

10. The effect of the practices complained of in paragraphs 8 and 9 above has been to deprive May Allen, Anthony Kwit, Thomas Riffle, Ann Stauffer, and Elizabeth Vazquez  and a class of similarly situated disabled employees of equal employment opportunities and otherwise adversely affect their status as n employees because of their disabilities.

11. The unlawful employment practices complained of in paragraphs 8 and 9 above were intentional.

12. The unlawful employment practices complained of in paragraphs 8 and 9 above were done with malice or with reckless indifference to the federally protected rights of May Allen, Anthony Kwit, Thomas Riffle, Ann Stauffer, and Elizabeth Vazquez and a class of similarly situated disabled employees

13. Since November 1, 2003 Defendant violated Sections 102(a) and102(b)(3)(A), 102 (b)(5)(A) and 102(b)6) of Title I of the ADA, 42 U.S.C. §§ 12112(a), 12112(b)(3 ),  12112 (b)(5)(A), and 12112(b)(6),  by prohibiting disabled employees who were not injured on the job from participating in Defendant's 90-day light duty program.

14. Since November 1, 2003 Defendant violated Sections 102(a) and102(b)(3)(A), 102 (b)(5)(A) and 102(b)6) of Title I of the ADA, 42 U.S.C. §§ 12112(a), 12112(b)(3 ),  12112 (b)(5)(A), and 12112(b)(6),  by  engaging in a pattern or practice of prohibiting disabled employees who were not injured on the job from participating in Defendant's 90-day light duty program.

15. The effect of the practices complained of in paragraphs 13 and 14   above has

been to deprive Anthony Kwit and a class of similarly situated disabled employees of equal employment opportunities and otherwise adversely affect their status as employees because of their disabilities.

16. The unlawful employment practices complained of in paragraphs 13 and 14 above were intentional.

17. The unlawful employment practices complained of in paragraphs 13 and 14 above were done with malice or with reckless indifference to the federally protected rights of Anthony Kwit and a class of similarly situated disabled employees.

18. Since November 1, 2003, Defendant has violated Section 102(a) of Title I of the ADA, 42 U.S.C. §§ 12112(a), by failing to take prompt and reasonable action in response to the harassment of Anthony Kwit because of his disability.

19. The effect of the practice complained of in paragraph 16 above has been to deprive Anthony Kwit of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

20 The unlawful employment practice complained of in paragraph 16 above was intentional.

21. The unlawful employment practice complained of in paragraph 16 above was with malice or with reckless indifference to the federally protected rights of Anthony Kwit.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in employment practices which discriminate on the basis of disability;

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of the unlawful employment practices.

C. Order Defendant to make whole May Allen, Anthony Kwit, Thomas Riffle, Ann Stauffer, and Elizabeth Vazquez, by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of unlawful employment practices;

D. Order Defendant to make whole May Allen, Anthony Kwit, Thomas Riffle, Ann

Stauffer, and Elizabeth Vazquez, by providing compensation for past and future pecuniary losses resulting from unlawful employment practices;

E. Order Defendant to make whole May Allen, Anthony Kwit, Thomas Riffle, Ann Stauffer, and Elizabeth Vazquez, by providing compensation for non-pecuniary losses resulting from unlawful practices, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

F. Order Defendant to pay May Allen, Anthony Kwit, Thomas Riffle, Ann Stauffer, and Elizabeth Vazquez, punitive damages for malicious and reckless conduct, in an amount to be determined at trial;

G. Order Defendant to make whole classes of similarly situated disabled individuals by providing them appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of unlawful employment practices;

H. Order Defendant to make whole classes of similarly situated disabled individuals by providing them compensation for past and future pecuniary losses resulting from their unlawful termination, including, but not limited to, job search expenses;

I. Order Defendant to make whole classes of similarly situated disabled individuals by providing compensation for non-pecuniary losses resulting from unlawful practices, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

J. Order Defendant to pay classes of similarly situated disabled individuals punitive damages for malicious and reckless conduct, in an amount to be determined at trial;

K. Grant such further relief as the Court deems necessary and proper in the public interest; and

L. Award the Commission its costs of this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

                                  JAMES LEE
                                  Acting General Counsel

                                  GWENDOLYN YOUNG REAMS
                                  Associate General Counsel

                                  EQUAL EMPLOYMENT OPPORTUNITY
                                  COMMISSION
                                  131 "M" Street, N.E.
                                  Washington, D.C.  20507


                                  <u>/s/ John C. Hendrickson</u>
                                  John C. Hendrickson
                                  Regional Attorney


                                  <u>/s/ Gregory Gochanour</u>
                                  Gregory Gochanour
                                  Supervisory Trial Attorney


                                  <u>/s/ Gordon Waldron</u>
                                   Gordon Waldron
                                  Senior Trial Attorney
                                  EQUAL EMPLOYMENT OPPORTUNITY
                                  COMMISSION
                                  500 West Madison Street, Suite 2000
                                  Chicago, Illinois  60661
                                  312-353-7525