**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION <br><br> Plaintiff, <br><br> v. <br><br> SUPERVALU, INC. a Delaware Corporation, and JEWEL-OSCO, an operating unit of SUPERVALU, INC., <br><br> Defendant. | Case No. 1:09 CV 05637 <br><br> Judge Ronald A. Guzman |

## DEFENDANTS' MOTION TO DISMISS

Defendants Supervalu, Inc. and Jewel Food Stores, Inc.[1] (collectively "JEWEL"), by and through their undersigned counsel, respectfully submit this Motion to Dismiss together with their Memorandum of Law. In support of its motion, the Company states as follows:

1. Before the Equal Opportunity Employment Commission ("EEOC") is authorized to file suit to correct instances of alleged employment discrimination, it is obligated to engage in a good faith effort to conciliate the claim or claims with the employer. *EEOC v. Gonnella Baking Co.*, No. 08 C 5240, 2009 WL 307509, at *3 (N.D. Ill. 2009). Where the EEOC fails to act in good faith to conciliate, the Court is authorized to dismiss the action or, in the alternative, stay the action and compel the EEOC to engage in good faith conciliation. *EEOC v. Agro Dist., LLC*, 555 F.3d 462, 469 (5th Cir. 2009).

2. The EEOC has failed to engage in good faith efforts to conciliate the Charges of Discrimination. In the nearly three years that passed between the EEOC's first reasonable cause

---

[1] The charging parties named in the Complaint were never employed by "JEWEL-OSCO"; they are or were employed by Jewel Food Stores, Inc. and/or its predecessors.

determination and the date the EEOC ended conciliation, the EEOC: (1) routinely ignored JEWEL's requests for an explanation of the reasonable cause determinations; (2) refused to provide information necessary to calculate damages or define the number or scope of the putative class; (3) refused to address individual charges or categories of charges and insisted on a global resolution of all pending charges, despite the fact that all but a few charges bear no relationship to each other and do not involve any single policy or practice; (4) refused to offer a conciliation agreement or proposal or otherwise make a demand of any kind; and (5) refused to respond to JEWEL's conciliation proposal and concluded that conciliation efforts had failed.

3.     Additionally, in order to satisfy Fed. R. Civ. P. 8(a)'s pleading requirements and state a claim upon which relief may be granted, a plaintiff must allege more than mere "labels and conclusions" in its complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (May 18, 2009).

4.     The EEOC has failed to satisfy the pleading requirements of Fed. R. Civ. P. 8(a) and state a claim upon which relief may be granted because it fails to allege that the charging parties or the putative class members are able to perform the essential functions of their jobs, with or without accommodation or that they ever sought and were denied a reasonable accommodation of any kind.

**WHEREFORE**, the Company respectfully requests this Court dismiss the Complaint, or in the alternative, stay these proceedings, because the EEOC has failed to engage in good faith conciliation efforts. Additionally, the Company respectfully requests that this Court dismiss the Complaint for failure to state a claim upon which relief may be granted.

Dated: November 10, 2009

Respectfully submitted,

SUPERVALU INC. and JEWEL FOOD STORES, INC.

By: __/s Stephanie Christiansen-LaRocco
      One of Its Attorneys

Thomas F. Hurka
Stephanie L. Sweitzer
Stephanie M. Christiansen-LaRocco
MORGAN LEWIS & BOCKIUS, LLP
77 W. Wacker Dr., Fifth Floor
Chicago, IL 60601
312-324-1000

Anne Marie Estevez (*pro hac vice pending*)
MORGAN LEWIS & BOCKIUS, LLP
200 South Biscayne Blvd.
Suite 5300
Miami, FL 33131
305-415-3000

*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I, Stephanie M. Christiansen-LaRocco, an attorney, certify that on November 10, 2009, I electronically filed the foregoing DEFENDANTS' MOTION TO DISMISS with the Clerk of Court using the CM/ECF system, which in turn sent notification of such filing to the following persons:

> John C. Hendrickson
> Gordon Waldron
> Equal Employment Opportunity Commission
> Chicago District Office
> 500 West Madison Street
> Suite 2000
> Chicago, IL 60661
> 312-353-7525
> john.hendrickson@eeoc.gov
> gordon.waldron@eeoc.gov

> /s Stephanie Christiansen-LaRocco