Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 5637 | **DATE** | 6/5/2013 |
| **CASE TITLE** | *EEOC v. Supervalu, Inc.* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Defendants' motion for reconsideration [192-1] is denied.

■[ For further details see text below.]

Docketing to mail notices.

---

## STATEMENT

Paragraph 5 of the Consent Decree at issue states that the defendants are "hereby enjoined from discriminating on the basis of disability by not providing reasonable accommodation(s) to persons desiring to return to work from a disability leave." (Dkt. # 148, ¶ 5.) In its motion for contempt, the EEOC contends that it has identified three employees who were terminated or "forced to resign" during the first reporting period, purportedly in violation of the Americans with Disabilities Act and ¶ 5. The EEOC seeks discovery, including written discovery, up to three depositions, and a subsequent status to, if necessary, schedule an evidentiary hearing and associated pre-hearing conferences and filings. In his Report and Recommendation ("R&R"), the magistrate judge denied this aspect of the EEOC's motion for contempt, concluding that to allow it to pursue the requested relief in this action "would mean that the statute of limitations and administrative exhaustion requirements under the ADA would effectively be abolished for any employee of defendants seeking to challenge any accommodation decision made by defendants for the duration of the Decree." (R&R, Dkt. # 174, at 25.) This Court respectfully disagreed with the magistrate judge and concluded in its March 19, 2013 order ("Order") that the plain language of the Consent Decree as well as Seventh Circuit caselaw provided for the relief the EEOC sought.

The defendants move for reconsideration of this aspect of the Court's Order, arguing that it is the EEOC's burden to establish that the broad enforcement language cited above "permits it to disregard the applicable statute of limitations and bypass the administrative process *in every case*," and that the EEOC has failed to cite to any authority supporting its position. (Defs.' Reply. Dkt. # 198) (emphasis in original.) As an initial matter, the defendants do not seek relief that is properly sought in a motion to reconsider an interlocutory order. "[M]otions to reconsider are not at the disposal of parties who want to 'rehash' old arguments." *In re Oil Spill by "Amoco Cadiz" Off Coast of France on March 16, 1978,* 794 F. Supp. 261, 267 (N.D. Ill. 1992). The defendants already argued the point made here in their original objections as well as in a brief discussing supplemental authority and simply contend that the Court got it wrong. The Court

## STATEMENT

denies the motion to reconsider on that basis alone.

Moreover, the Court denies the motion on the merits. As previously noted, in determining the scope of a consent decree, the Court is to look to the plain language of the decree and if the language is unambiguous, the inquiry is over. *United States v. City of Northlake*, 942 F.2d 1164, 1167 (7th Cir. 1991). Based on this principle, this Court stated that:

> The language [of ¶ 5 of the Consent Decree] is unambiguous; therefore, the Court finds that the alleged violations complained of are within the scope of the Decree and the plaintiff properly seeks relief pursuant to the Decree. *Id*. at 1168 ("If the defendant violates the terms of the consent decree, the plaintiff's recourse is to bring an action to enforce the decree.").

(Order, Dkt. # 191, at 10.) The defendants imply that they have been wronged since during settlement negotiations, "the EEOC insisted that the consent decree contain a generic injunctive provision." (Defs.' Reply, Dkt. # 194, at 1.) But the defendants do not assert that they were duped or forced into signing the Consent Decree. Moreover, they presumably could have included language addressing any limitations issues or exhaustion procedures required for the precise situation currently pending before the Court, but they did not nor do they argue that they tried to do so. The defendants are bound by their agreement to the language in the Consent Decree. As another court has noted:

> If, with the benefit of the illumination hindsight always provides, [defendant] neglected to insist upon language in the Consent Order that would clearly prohibit the conduct about which it now complains, it must look for succor elsewhere. Courts will no more rewrite a consent decree than they will any other contract.

*Autotech Techs. Ltd. P'ship v. Automationdirect.Com, Inc*., No. 05 C 5488, 2006 WL 1304949, at *8 (N.D. Ill. May 10, 2006). Moreover, as the Court previously stated, the defendants' concerns with exhaustion of administrative remedies is inapposite in this case because the EEOC is the plaintiff, not the individuals on whose behalf they are suing. *EEOC v. Caterpillar*, 409 F.3d 831, 832-33 (7th Cir. 2005) ("[E]xhaustion of administrative remedies is an issue when the suit is brought by a private party but not when the Commission is the plaintiff."). In bringing the instant suit and concomitant motion for contempt on behalf of individual employees, the EEOC is acting as a law enforcement agency for a class of individuals and is "not merely a proxy for the victims of discrimination." *Gen. Tel. v. EEOC*, 446 U.S. 318, 326 (1980).

Nor is the defendants' argument that ¶ 5 is an impermissible "obey-the-law" injunction persuasive. Because the defendants *agreed* to this provision, the conduct which the EEOC seeks to investigate and remedy is covered by the language of ¶ 5, and the Consent Decree has a geographical limitation and a set termination date of January 5, 2014, the Court is unwilling to find that ¶ 5 amounts to an impermissible obey-the-law injunction. *Cf. EEOC v. AutoZone, Inc*., 707 F.3d 824, 841-44 (7th Cir. 2013) (noting that an "injunction that does nothing more than order a defeated litigant to obey the law raises several concerns" including overbreadth and vagueness and may be problematic if it has no geographic or temporal limit).